UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| NORMAN J. MANTON, JR. AND SHERRIE BURAS MANTON | CIVIL ACTION NO.: 09-0339 |
|---|---|
| | SECTION: "R" |
| VERSUS | MAGISTRATE: 03 |
| RODNEY "JACK" STRAIN, JR., ET AL | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

Defendant, the Louisiana Sheriff's Association, has moved this Honorable Court for summary judgment in its favor pursuant to Federal Rule of Civil Procedure 56. For the reasons that follow, this motion should be granted.

**I. FACTS**

Plaintiffs, Norman J. Manton, Jr., and Sherrie Buras Manton, filed the complaint in this matter on January 26, 2009, alleging constitutional violations stemming from Mr. Manton's arrest and subsequent incarceration in the St. Tammany Parish Jail. Plaintiffs have asserted claims against the Louisiana Sheriff's Association (hereinafter "LSA"), alleging that the LSA is "an organization

authorized and licensed under the Laws of the State of Louisiana who provides insurance coverage for the acts and omissions of Defendants, Rodney "Jack" Strain, Jr., Al Strain, Marlin Peachey, Mike Core, Fred Oswald, Gregory Longino, Brian O'Cull, Guard(s) James Doe and The St. Tammany Parish Jail, when said Defendants are acting in their official capacities as Sheriff of the Parish of St. Tammany, and persons employed by the Sheriff of St. Tammany Parish."[1] Further, plaintiffs allege the following:

> At all times pertinent hereto, Defendant, LOUISIANA SHERIFF'S ASSOCIATION, had in full force and effect a policy or policies of liability insurance under the terms of which Defendants, SHERIFF STRAIN, WARDEN STRAIN, WARDEN PEACHEY, DEPUTY WARDEN LONGINO, WARDEN CORE, MAJOR OSWALD, SERGEANT O'CULL, GUARD(S) JAMES DOE and THE PARISH OF ST. TAMMANY were provided with liability coverage for the acts and omissions of said Defendants while acting in their respective official capacities.[2]

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but it is not required to negate elements of the nonmoving party's case. Edwards v. Your Credit, Inc., 148 F.3d 427, 431 (5th Cir. 1998) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party alleges that there is an absence of

---

[1] See Rec. Doc. No. 1, paragraph "J."

[2] See Rec. Doc. No. 1, paragraph 6.

2

evidence necessary to prove a specific element of a case, the nonmoving party bears the burden of presenting evidence that provides a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Thomas v. Barton Lodge II, Ltd., 174 F.3d 636, 644 (5th Cir. 1999). The court must consider all evidence in the light most favorable to the nonmoving party. National Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712-13 (5th Cir. 1994).

## III. LAW AND ANALYSIS

The Louisiana Sheriff's Association is not an entity that can sue or be sued under Louisiana law. The LSA is a non-profit corporation under the laws of the State of Louisiana.[3] In 1938, a group of Louisiana sheriffs realized that they would need to formally organize themselves into a cohesive group to specifically address issues related to the office of sheriff and the changing times. They formed the LSA to become a fervent voice for Louisiana's chief law enforcement officers. Its purpose is to maintain the powers of the sheriff as peace officers, to ensure the delivery of first-rate services by sponsoring legislation to promote the administration of criminal justice and to serve as a clearinghouse for information. At no time has the LSA ever carried out any insurance or self-insurance business of any sort.

By enactment of Louisiana Revised Statute 33:1481-85, the Legislature authorized the sheriffs of the state to establish an interlocal risk management agency. Pursuant to this authority, the Louisiana Sheriff's Law Enforcement Program ("LSLEP"), was established. Membership in the

---

[3]Please see the Affidavit of R.B. Rives, Jr., the former Executive Director of the LSA, which is attached hereto as Exhibit "A."

LSLEP is voluntary. The LSLEP supervises a self-insurance fund to cover member sheriffs and their deputies from certain law enforcement liability risks. The LSA only provides administrative and clerical support to the LSLEP.

The St. Tammany Parish Sheriff's Office was previously a member of the LSLEP. However, Rodney Strain, the Sheriff of St. Tammany Parish and a named defendant in this matter, withdrew from membership in the LSLEP effective September 1, 2004, long before the events related in plaintiffs' complaint commenced.

Because the Louisiana Sheriff's Association is not an insurance company, and not subject to the provisions of Chapter 1 of Title 22 of the Louisiana Revised Statutes, plaintiffs have no right of direct action against the Louisiana Sheriff's Association under the Louisiana Direct Action Statute, R.S. 22:655. Saucier v. Layrisson, 1991 WL 62110 (E.D.La. 1991). As such, defendant asks the Court to maintain its motion for summary judgment, dismissing plaintiffs' action against defendant Louisiana Sheriff's Association, with prejudice. In addition, defendant would also request this Honorable Court for attorney's fees in conjunction with bringing this motion, as defendant has provided plaintiffs' counsel with all pertinent information regarding the LSA's status as a non-insurer, including the affidavit attached hereto as Exhibit "A," and requested that plaintiffs voluntarily dismiss defendant from this lawsuit. Plaintiffs' counsel has agreed on numerous occasions to voluntarily dismiss the LSA; however, to date, no motion has been filed. Therefore, defendant would ask for the fees incurred in having to bring this issue before the court via motion for summary judgment.

Respectfully submitted,

**USRY, WEEKS & MATTHEWS**

*/s/Freeman R. Matthews*
FREEMAN R. MATTHEWS (9050)
STACEY G. ROLAND (31308)
1615 Poydras Street, Suite 1250
New Orleans, LA 70112
Tel: (504) 592-4600; Fax: (504) 592-4641

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 14th day of September, 2009, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that a copy of the foregoing will be sent to all non-CM/ECF participants by United States Mail, properly addressed and postage prepaid.

*/s/Freeman R. Matthews*
FREEMAN R. MATTHEWS