UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NORMAN J. MANTON, JR. AND SHERRIE         CIVIL ACTION
BURAS MANTON

VERSUS                                    NO: 09-0339

RODNEY "JACK" STRAIN, JR., ET AL.         SECTION: R(3)

### ORDER AND REASONS

Before the Court is defendants Rodney "Jack" Strain, Jr. and Brian O'Cull's motion in limine to exclude the testimony of Albert L. Cromp.[1]  For the following reasons, the Court GRANTS the motion.

### I.  BACKGROUND

This case arises out of Manton's arrest for Attempted Access Device Fraud and detention in the St. Tammany Parish jail resulting from an investigation into the disappearance of Albert Bloch.  Manton filed suit in this Court on January 26, 2009, alleging violations of 42 U.S.C. §§ 1983 and 1986, as well a number of state law tort claims against Rodney J. Strain, Jr., individually and in his official capacity as sheriff and keeper of the St. Tammany Parish jail; St. Tammany Parish; the Louisiana Sheriff's Association; various officers of the St. Tammany Parish Sheriff's Office (STPSO), including Sergeant Brian O'Cull;

---

[1] (R. Doc. 116.)

various jail officials; Chase Bank; and their insurance companies.[2]  Manton retained Albert L. Cromp, a retired law enforcement officer, to evaluate the facts of the case, the police procedures leading up to Manton's arrest, and Manton's treatment during his detention at the St. Tammany Parish jail.[3]  Defendants Strain and O'Cull now move to exclude Cromp's testimony.

## II.  LEGAL STANDARD

Federal Rule of Evidence 702, which governs the admissibility of expert witness testimony, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  A district court has considerable discretion to admit or exclude expert testimony under the Federal Rules of Evidence.  See *General Elec. Co. v. Joiner*, 522 U.S. 136, 138-39 (1997); *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000).

In *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579

---

[2]   (R. Doc. 1.)

[3]   (R. Doc. 130-3 at 1.)

(1993), the Supreme Court held that Rule 702 requires the district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable."  *Id.* at 589; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (clarifying that the *Daubert* gatekeeping function applies to all forms of expert testimony).  The Court's gatekeeping function thus involves a two-part inquiry into reliability and relevance.  First, the Court must determine whether the proffered expert testimony is reliable.  The party offering the testimony bears the burden of establishing its reliability by a preponderance of the evidence.  *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).  The reliability inquiry requires the Court to assess whether the reasoning or methodology underlying the expert's testimony is valid.  *See Daubert*, 509 U.S. at 593.  The aim is to exclude expert testimony based merely on subjective belief or unsupported speculation.  *See id.* at 590.  Second, the Court must determine whether the expert's reasoning or methodology "fits" the facts of the case and whether it will thereby assist the trier of fact to understand the evidence, in otherwords, whether it is relevant. *See id.* at 591.

**III. DISCUSSION**

The Court has reviewed Cromp's expert report and finds that the proffered testimony is not reliable and thus inadmissible under Rule 702. *See Daubert*, 509 U.S. at 589. Based on his review of the record and attendance at depositions, Cromp concludes that Manton was arrested without probable cause.[4] Cromp, however, has no expertise on the question of probable cause as a matter of law. The Fifth Circuit has explained that, even though Rule 704 abolished the *per se* rule against testimony regarding ultimate issues of fact, "courts must remain vigilant against the admission of legal conclusions, and an expert witness may not substitute for the court in charging the jury regarding the applicable law." *United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977). For ultimate legal conclusions, "[t]he judge is the source of law and the only expert needed by a jury." *Bodzin v. City of Dallas*, 768 F.2d 722, 725 (5th Cir. 1985) (noting that a retired police officer's opinion testimony regarding the legal conclusion that a police officer lacked probable cause to arrest defendant was "not competent proof"); *see also Burkhart v. Washington*, 112 F.3d 1207, 1212-13 (D.C. Cir. 1997) ("[A]n expert may offer his opinion as to facts that, if found, would support a conclusion that the legal standard at issue was satisfied, but he may not testify as to whether the

---

[4]     (R. Doc. 116-3 at 12.)

legal standard has been satisfied."). The Court's conclusion is supported by Cromp's misstatement of the legal standard for a valid arrest warrant in his report. Cromp contends that, prior to arrest, a police officer should make "an earnest effort to prove to one's self, *beyond a reasonable doubt* that the suspect is guilty."[5] Yet, "[p]robable cause does not require proof beyond a reasonable doubt, but only a showing of the probability of criminal activity." *United States v. Brown*, 941 F.2d 1300, 1302 (5th Cir.), *cert. denied*, 502 U.S. 1008 (1991).

Cromp's report also contains a number of legally irrelevant facts, including criticisms of the techniques used by the Jefferson Parish Sherrif's Office (JPSO) in the investigation into Bloch's disappearance.[6] Manton has not named any member of the JPSO as a defendant in this case, and Manton was arrested pursuant to a warrant issued by Judge Peter Garcia of the 22nd Judicial District Court of Louisiana in St. Tammany Parish.[7] To the degree Cromp implies that Sergeant O'Cull violated Manton's Fourth Amendment rights by relying on the JPSO's investigation in seeking the arrest warrant, Cromp's opinion is contrary to Fifth Circuit law. *See Bennett v. City of Grand Prarie, Tx.*, 883 F.2d 400, 407 (5th Cir. 1989) ("[I]t is undisputed that officers may

---

[5]   (R. Doc. 116-3 at 6) (emphasis added).

[6]   (R. Doc. 116-3 at 2-9.)

[7]   (R. Doc. 112, D-8.)

5

submit warrant applications containing hearsay, including, of course, information provided by other officers.").

Moreover, Cromp's report contains several supposed facts not supported by evidence in the record, such as his statement that "Jefferson Parish told O'Cull and [STPSO] that Manton should not be arrested, that they did not support the arrest, nor did they believe that Manton had committed the alleged crime."[8] Cromp also speculates that the STPSO arrested Manton knowing that he was innocent, without pointing to evidence to that effect.[9] Cromp's failure to provide support for these assertions further undermines his reliability as an expert witness. *See Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007) (explaining that for an expert opinion to be reliable "the existence of sufficient facts and a reliable methodology is in all instances mandatory").

To the extent Cromp offers opinions on the conditions or policies or practices at the St. Tammany Parish jail, the Court finds that Cromp is not qualified by knowledge, training, or education to do so. Cromp testified that he has no training with regard to the management of jails or procedures for handling incarcerated prisoners[10] and that he has no special knowledge or

---

[8]   (R. Doc. 116-3 at 11.)

[9]   (*Id.* at 11.)

[10]   (R. Doc. 116-4 at 65.)

expertise of corrections or treatment of prisoners.[11] Cromp's only experience working in jails was over thirty years ago when he occasionally worked the night shift at the St. Tammany Parish jail.[12] Other than speaking with his client,[13] there is also no indication that Cromp has conducted any independent investigation into the facts of Manton's detention, the general conditions or practices at the jail, or any policies maintained by Sheriff Strain as keeper of the jail. *See id*. at 318 ("Without more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible.") (quoting *Viterbo v. Dow Chem Co.*, 826 F.2d 420, 424 (5th Cir. 1987)). Accordingly, because Cromp is not qualified to give such opinions and he used no reliable methodology to reach his conclusions, Cromp's testimony is inadmissible.

**IV.   CONCLUSION**

For the foregoing reasons, defendants' motion is GRANTED and the testimony of Albert L. Cromp is EXCLUDED.

New Orleans, Louisiana, this 21st day of October, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[11]   (R. Doc. 116-5 at 230-31.)

[12]   (*Id*. at 230.)

[13]   (*Id*. at 231.)