U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  SEP 1 6 2011

LORETTA G. WHYTE
CLERK

**United States Court of Appeals
Fifth Circuit**

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**FILED**
August 24, 2011

Lyle W. Cayce
Clerk

No. 10-31194
Summary Calendar

D.C. Docket No. 2:09-CV-339

NORMAN J. MANTON, JR.; SHERRIE BURAS MANTON,

    Plaintiffs - Appellants

v.

RODNEY JACK STRAIN, JR.; BRIAN O'CULL; ST. TAMMANY PARISH

    Defendants - Appellees

Appeals from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

### JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that appellants pay to appellees the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: 1 5 SEP 2011

A True Copy
Attest   1 5 SEP 2011

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
    Deputy

New Orleans, Louisiana

\_\_ Fee _____
\_\_ Process \_\_\_\_\_
\_\_ Dktd _____
\_\_ CtRmDep \_\_\_\_
\_\_ Doc. No. \_\_\_\_

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 24, 2011

No. 10-31194
Summary Calendar

Lyle W. Cayce
Clerk

NORMAN J. MANTON, JR.; SHERRIE BURAS MANTON,

                     Plaintiffs-Appellants

v.

RODNEY JACK STRAIN, JR.; BRIAN O'CULL; ST. TAMMANY PARISH,

                     Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-339

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Norman J. Manton, Jr. ("Manton") and Sherrie Buras Manton (collectively "Mantons") appeal the district court's grant of summary judgment for Defendants-Appellees St. Tammany Parish Sheriff Rodney Jack Strain, Jr. ("Strain"), St. Tammany Parish Sergeant Brian O'Cull ("O'Cull"), and St. Tammany Parish (collectively "Parish"). The district court dismissed the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mantons' claims under 42 U.S.C. § 1983,[1] concluding that the Mantons had failed to raise an issue of material fact. We AFFIRM the district court.

This case arises from the circumstances surrounding Manton's arrest. After an interview with a suspect in a bank fraud, a Jefferson Parish Sheriff's Office detective learned that Manton was also involved in the fraud. After several additional interviews, the detective informed St. Tammany officer O'Cull about Manton's involvement in the scheme. O'Cull obtained a search warrant for Manton's home and an arrest warrant for Manton. On January 24, 2008, Police searched Manton's residence and found a shotgun, which violated the terms of his state probation. The next day, St. Tammany police arrested Manton for bank fraud and a probation violation. Police held Manton for four months and released him when the State dropped the bank fraud charges. The Mantons then sued the Parish under § 1983, alleging that the Parish had violated Manton's Fourth and Fourteenth Amendment rights with an unlawful search and seizure.[2]

We review a grant of summary judgment de novo, taking the facts in a light most favorable to the nonmovant. *QBE Ins. Corp v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442 (5th Cir. 2009).

The Mantons allege that the Parish violated Manton's Fourth and Fourteenth Amendment rights when the Parish searched Manton's home and arrested Manton because the Parish lacked probable cause for valid warrants. "A police officer seeking the issuance of a . . . warrant must present an affidavit

---

[1] The Mantons have waived any appeal to the district court's summary judgment order regarding their §§ 1985, 1986, and 1988 and Eighth Amendment claims. Under FED. R. APP. P. 28(a)(9)(A)-(B), failure to raise a point of error in a brief will waive that issue on appeal. *See also Alameda Films v. Authors Rights Restoration*, 331 F.3d 472, 483 (5th Cir. 2003); *United States v. Martinez-Mercado*, 888 F.2d 1484, 1492 (5th Cir. 1989).

[2] In their brief, the Mantons also allege a violation of Manton's Second Amendment rights. We will not consider this argument, however, because the Mantons offer this claim for the first time on appeal. *See Vogel v. Veneman*, 276 F.3d 729, 733 (5th Cir. 2002).

containing facts sufficient to 'provide the magistrate with a substantial basis for determining the existence of probable cause.'" *Kohler v. Englade*, 470 F.3d 1104, 1109 (5th Cir. 2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 239 (1983)). In submitting an affidavit for a warrant, an officer may rely upon "information provided by other officers." *Bennett v. City of Grand Prairie, Tex.*, 883 F.2d 400, 407 (5th Cir. 1989).

The Mantons offer three arguments in support of their claims. First, the Mantons argue that police did not have probable cause because the affidavits used to obtain the warrants were based upon false information. The Mantons, however, have failed to demonstrate that the affidavits contained false information. Second, the Mantons argue that O'Cull lacked probable cause because he did not have personal knowledge of the investigation's facts. This argument is without merit: When preparing a warrant affidavit, an officer may rely upon information from other officers. *Bennett*, 883 F.2d at 407. Third, the Mantons assert that the arrest of Manton was illegal because a Jefferson Parish detective told O'Cull not to arrest Manton. But, even if this was true, the Mantons fail to cite any authority that indicates this is a constitutional violation. Therefore, the district court did not err by granting summary judgment.

We AFFIRM the district court's judgment.